PRITCHARD

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 2:23-cr-20191-MSN |
| Plaintiff, | ) | CR. No. _____ |
| | ) | |
| v. | ) | 18 U.S.C. § 242 |
| | ) | 18 U.S.C. § 1512(b)(3) |
| EMMITT MARTIN III, | ) | 18 U.S.C. § 1512(k) |
| TADARRIUS BEAN, | ) | |
| DEMETRIUS HALEY, | ) | |
| DESMOND MILLS JR., and | ) | |
| JUSTIN SMITH, | ) | |
| | ) | |
| Defendants. | ) | |

# I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

## INTRODUCTION

At all times relevant to this Indictment:

1. Defendants EMMITT MARTIN III, TADARRIUS BEAN, DEMETRIUS HALEY, DESMOND MILLS JR., and JUSTIN SMITH served as Detectives with the Memphis Police Department (MPD) in Memphis, Tennessee.

2. Defendants MARTIN, BEAN, HALEY, MILLS, and SMITH were on duty and acting in their official capacity as members of MPD's SCORPION team.

3. Tyre Nichols was a 29-year-old resident of Memphis, Tennessee who was arrested following a traffic stop on January 7, 2023.

## COUNT ONE

(Deprivation of Rights Under Color of Law: Excessive Force and Failure to Intervene)

On or about January 7, 2023, in the Western District of Tennessee, the defendants, EMMITT MARTIN III, TADARRIUS BEAN, DEMETRIUS HALEY, DESMOND MILLS JR., and JUSTIN SMITH, while acting under color of law as Detectives with the Memphis Police Department and while aiding and abetting one another, willfully deprived Tyre Nichols of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a police officer.  Specifically, defendants MARTIN, BEAN, HALEY, MILLS, and SMITH unlawfully assaulted Nichols and willfully failed to intervene in the unlawful assault.  This offense resulted in bodily injury to, and the death of, Tyre Nichols.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT TWO

(Deprivation of Rights Under Color of Law: Deliberate Indifference)

On or about January 7, 2023, in the Western District of Tennessee, the defendants, EMMITT MARTIN III, TADARRIUS BEAN, DEMETRIUS HALEY, DESMOND MILLS JR., and JUSTIN SMITH, while acting under color of law as Detectives with the Memphis Police Department and while aiding and abetting one another, willfully deprived Tyre Nichols of the right, secured and protected by the Constitution and laws of the United States, not to be deprived of liberty without due process of law, which includes the right of an arrestee to be free from a police officer's deliberate indifference to his serious

2

medical needs.  Specifically, defendants MARTIN, BEAN, HALEY, MILLS, and SMITH knew that Nichols, an arrestee in police custody, had a serious medical need and the defendants willfully disregarded that medical need by failing to render medical aid and by failing to advise the MPD dispatcher and emergency medical personnel of the circumstances surrounding Nichols' serious medical need, including that Nichols had been struck repeatedly.  This offense resulted in bodily injury to, and the death of, Tyre Nichols.

In violation of Title 18, United States Code, Sections 242 and 2.

## COUNT THREE

(Conspiracy to Witness-Tamper)

On or about January 7, 2023, in the Western District of Tennessee, defendants EMMITT MARTIN III, TADARRIUS BEAN, DEMETRIUS HALEY, DESMOND MILLS JR., and JUSTIN SMITH willfully combined, conspired, and agreed to violate Title 18, United States Code, Section 1512(b)(3) by knowingly engaging in misleading conduct towards, corruptly persuading, and attempting to corruptly persuade, their supervisor (MPD Supervisor 1), the officer tasked with writing the Incident Report (MPD Detective 1), and other persons, with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of truthful information relating to the commission and possible commission of a Federal offense.  Specifically, in relation to statements the defendants made to MPD officers regarding the arrest of Tyre Nichols, the defendants conspired to intentionally withhold and omit material information and knowingly make false and misleading statements all to cover up the use of unreasonable

3

force on Nichols.

Plan and Purpose of the Conspiracy

It was the plan and purpose of the conspiracy that defendants MARTIN, BEAN, HALEY, MILLS, and SMITH would omit material information and provide false and misleading information to cover up defendants' use of unreasonable force on Tyre Nichols to shield the defendants from liability for their criminal conduct.

Overt Acts

In furtherance of the conspiracy, and to accomplish the object thereof, members of the conspiracy committed, and caused to be committed, the following overt acts, among others, within the Western District of Tennessee:

1. Defendants MARTIN, BEAN, HALEY, MILLS, and SMITH each struck Tyre Nichols and each was present when another defendant struck Nichols, but the defendants did not tell the MPD dispatcher, MPD Supervisor 1, Memphis Fire Department (MFD) Emergency Medical Technicians (EMTs), and MFD paramedics that they knew Nichols had been struck repeatedly.

2. As time passed at the arrest scene, defendants MARTIN, BEAN, HALEY, MILLS, and SMITH participated in conversations with one another in which they discussed striking Nichols, including hitting Nichols with straight haymakers and taking turns hitting him with so many pieces, but the defendants did not tell the MPD dispatcher, MPD Supervisor 1, MFD EMTs, and MFD paramedics this information, even as Nichols' condition deteriorated and he became unresponsive.

3. Defendants MARTIN, BEAN, HALEY, MILLS, and SMITH used their MPD body-worn cameras in such a way as to limit the capture of evidence at the arrest scene,

4

including: defendant MARTIN moved his body-worn camera to a location that would not capture video of defendants assaulting Nichols and defendants HALEY and SMITH activated their body-worn cameras only after defendants assaulted Nichols.

4. While MFD emergency medical personnel were on the scene, defendants HALEY and MILLS removed their body-worn cameras and set them aside before defendants gathered to discuss amongst themselves the force used on Nichols and made statements like: Everybody rocking his ass; Pop, pop, please fall; and, I thought when he wasn't going to fall, we about to kill this man.

5. At a police station, defendants MARTIN, BEAN, HALEY, MILLS, and SMITH met as a group and provided MPD Detective 1 with false and misleading information about the arrest scene for the Incident Report, including: defendants falsely claiming that Nichols "began actively resisting by pulling gun belts and grabbing Officer Smith by his vest" and defendants MILLS and SMITH falsely telling MPD Detective 1 that Nichols was so strong that he lifted two officers into the air.

6. Defendants MARTIN, BEAN, HALEY, MILLS, and SMITH also omitted material information, including that defendants punched and kicked Nichols, from their statements to MPD Detective 1, such that MPD Detective 1 submitted an Incident Report falsely describing Nichols' arrest as "After several verbal command[s], Detectives were able to get the suspect Tyre Nichols in custody."

7. Defendants MARTIN, BEAN, HALEY, MILLS, and SMITH each submitted an MPD Response to Resistance Report that contained false and misleading information and omitted that defendants had assaulted Nichols.

In violation of 18 U.S.C. § 1512(k).

## **COUNT FOUR**

(Obstruction of Justice: Witness-Tampering)

On or about January 7, 2023, within the Western District of Tennessee, defendants EMMITT MARTIN III, TADARRIUS BEAN, DEMETRIUS HALEY, DESMOND MILLS JR., and JUSTIN SMITH, while aiding and abetting one another, knowingly engaged in misleading conduct towards, corruptly persuaded, and attempted to corruptly persuade, their supervisor (MPD Supervisor 1) and an MPD Detective (MPD Detective 1) with the intent to hinder, delay, and prevent the communication to a law enforcement officer and judge of the United States of truthful information relating to the commission and possible commission of a Federal offense.  Specifically, defendants MARTIN, BEAN, HALEY, MILLS, and SMITH provided false and misleading information and withheld and intentionally omitted material information in their communications with MPD Supervisor 1 and MPD Detective 1, each of whom was tasked with writing MPD reports for the arrest of Tyre Nichols, including: defendants MARTIN, BEAN, HALEY, MILLS, and SMITH omitted that defendant MARTIN repeatedly punched Nichols; defendants MARTIN, BEAN, HALEY, MILLS, and SMITH omitted that defendants MARTIN and HALEY kicked Nichols; defendants MARTIN, BEAN, HALEY, MILLS, and SMITH omitted that Nichols had been struck in the head; defendants falsely stated to MPD Detective 1 that Nichols was actively resisting at the arrest scene; defendants falsely stated to MPD Detective 1 that Nichols grabbed defendant SMITH by his vest and pulled on officers' duty belts; and defendants MILLS and SMITH falsely stated to MPD Detective 1 that Nichols lifted both of them in the air.

6

In violation of 18 U.S.C. § 1512(b)(3).

**A TRUE BILL:**

_____
**F O R E P E R S O N**

**DATED: _____**

_____
**KEVIN G. RITZ**
**UNITED STATES ATTORNEY**


**KRISTEN CLARKE**
**ASSISTANT ATTORNEY GENERAL**
**CIVIL RIGHTS DIVISION**
**U.S. DEPARTMENT OF JUSTICE**

7