**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| **EMMITT MARTIN, III** | ) | |

**MOTION TO UNSEAL**

The defendant, Emmitt Martin, III, through counsel and pursuant to the First, Fifth, and Sixth Amendments to the United States Constitution, respectfully moves this Court to enter an Order unsealing all previously sealed filings in this case, other than the draft jury questionnaires.

It is Mr. Martin's position that none of the other filings in this case need to remain under seal, and any hearings in this matter should be held in open court. "[T]he natural desire of parties to shield prejudicial information contained in judicial records . . . . cannot be accommodated by courts without seriously undermining the tradition of an open judicial system." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983). Our "courts have long recognized . . . a 'strong presumption in favor of openness' as to court records," and have, accordingly, placed the "heavy" burden of overcoming the presumption in favor of openness on "the party that seeks to seal." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016) (describing standard for sealing pleadings); *see also in re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983) ("Only the most compelling reasons can justify non-disclosure of judicial records.").

"The right to an open public trial is a shared right of the accused and the public, the common concern being the assurance of fairness." *Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 7 (1986). The First Amendment protects "the right of everyone to attend trials" because "[f]ree speech carries with it some freedom to listen." *Richmond Newspapers v. Virginia*, 448 U.S.

555, 575-76 (1980) ("[The] First Amendment goes beyond protection of the press and the self-expression of individuals to prohibit government from limiting the stock of information from which members of the public may draw." (citation omitted)).

The First Amendment right of the public to open courts extends "to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1177 (6th Cir. 1983), *see also* (Transcript of Proceedings, Doc. No. 244, PageID 2984) (This Court observed that "a number of" the pleadings filed by the parties "can be resolved by the Court without a hearing."). Additionally, "there can be little doubt that the explicit Sixth Amendment right of the accused is no less protective of a public trial than the implicit First Amendment right of the press and public." *Waller v. Georgia*, 467 U.S. 39, 46 (1984) (ruling that the Sixth Amendment right to a public trial extends to pretrial suppression hearing); *see also In re Oliver*, 333 U.S. 257, 271 (1948) (discussing importance of Sixth Amendment right to public trial and stating, "Without publicity, all other checks are insufficient: in comparison of publicity, all other checks are of small account." (quoting 1 Bentham, Rationale of Judicial Evidence 524 (1827)).

Consistent with Sections 8 and 13.4.3 of this district's local ECF Policies and Procedures, and out of an abundance of caution, Mr. Martin exercised the discretion the Court provides to counsel to preliminarily file several documents under seal concerning Mr. Martin, Tyre Nichols, or filings that reference other documents already filed under seal by the government or counsel for co-defendants. Mr. Martin respectfully submits that those concerns are outweighed by the presumption of an open and public record and herein moves to unseal all previously sealed filings,

except the proposed jury questionnaires previously submitted,[1] and for all hearings in this case to be conducted in open court without unnecessary secrecy. *Cf. Waller v. Georgia*, 467 U.S. 39, 47 (1984) (holding "that under the Sixth Amendment any closure of a suppression hearing over the objections of the accused must meet the tests set out in *Press-Enterprise* and its predecessors").

Specifically, Mr. Martin moves to unseal the following:

1. **12.2 Notice:** Mr. Martin previously filed a Notice pursuant to Federal Rule of Criminal Procedure 12.2(b)(1) under seal to minimize any potential prejudice and because it contained confidential health information of Mr. Martin. (ECF No. 154.) Undersigned counsel conferred with Mr. Martin, who has agreed to move this Court to unseal the 12.2 Notice to further the underlying purpose of open courts and allow the parties to discuss matters freely and more efficiently.

2. ***Res Gestae* Evidence:** Mr. Martin filed a Motion to Admit Necessary *Res Gestae* Evidence with a supporting memorandum (ECF Nos. 236 and 237) under seal only because codefendant Smith and the government filed pleadings involving some of the same evidence under seal, but most of the related filings were not filed under seal. *See* (Government's Motion *in Limine* to Preclude Use of Inadmissible and Improper Character Evidence, ECF No. 67, PageIDs 204–216); (Haley's Response to United States' Motion *in Limine* (R. 67), ECF No. 68, PageIDs 218–221); (Bean's Response in Opposition to Motion *in Limine* filed by United States Government, ECF No. 69, PageIDs 222–225); (Smith's Response to the United States' Motion *in Limine* to Preclude Use of Inadmissible and Improper Character Evidence, ECF No. 70, PageIDs 226–233); (Martin's Response in Opposition to Government Motion *in Limine*, ECF No. 74, PageIDs 237-244); (Government's Reply to Response to Government's Motion *in Limine*, ECF No. 82, PageIDs 253-258); (Smith's Sealed Supplemental Response to the United States' Motion *in Limine* to Preclude Use of Inadmissible and Improper Character Evidence, ECF No. 164); (Government's Sealed Reply in Support of Motion

---

[1] Two proposed jury questionnaires and several related filings have been filed in this case under seal. *See* (Martin's Sealed Notice of Filing Proposed Jury Questionnaire, ECF No. 208); (Haley's Sealed Notice of Objections, ECF No. 211); *see also* (Government's Sealed Notice of Proposed Joint Juror Questionnaire, ECF No. 210); (Haley's Sealed Notice of Position, ECF No. 211); (Haley's Sealed Notice of Position, ECF No. 213); (Martin's Sealed Response, ECF No. 219); (Government's Sealed Reply to Martin's Response, ECF No. 227.) As stated on the record during the April 4, 2024, hearing, *see* (Transcript of Proceedings, Doc. No. 244, PageIDs 2979-80), Mr. Martin agrees that the proposed jury questionnaires should remain under seal to ensure there are no alternate versions released publicly until the questionnaire is final. However, he respectfully submits that any hearing discussing those filings need not be sealed because the specific questions at issue concern information that Mr. Martin has moved to unseal in this filing. Mr. Martin maintains that the final jury questionnaire should be filed publicly.

    *in Limine* on Improper Character Evidence, ECF 195.) Mr. Martin moves this Court to unseal his motion to admit the *res gestae* evidence.

3. **Motion to Exclude or Sever:** Mr. Martin filed a Motion to Exclude or Sever with a supporting memorandum (ECF Nos. 175 and 176) under seal because that filing discussed the Fed. R. Evid. 404(b) Notice previously provided by the government that was filed under seal (ECF No. 146.) *See also* (Smith's Sealed Notice of Joinder, ECF No. 185); (Smith's Sealed Notice of Joinder and Supplemental Argument, ECF No. 204); (Government's Sealed Response, ECF No. 216); (Martin's Sealed Reply, ECF No. 228.) It is Mr. Martin's position that the 404(b) notice and all subsequent filings should be unsealed so that the parties may freely, and fully, discuss these matters in a public hearing on the record, and he moves to unseal this motion and all related sealed filings, including notice of joinders, the government's response, and Mr. Martin's reply.

4. **Attorney-Led Voir Dire and Extra Peremptory Challenges:** Mr. Martin filed a Motion for Attorney Led Voir Dire and Extra Peremptory Challenges under seal (ECF No. 231) given its discussion of Mr. Martin's notice filed under Federal Rule of Criminal Procedure 12.2(b)(1), which, through this filing, Mr. Martin has moved to unseal. *See also* (Government's Response to Defendant Martin's Motion for Attorney-Led Voir Dire and Additional Peremptory Challenges, (ECF No. 246, PageIDs 2999–3004.) Because the underlying confidential information will be voluntarily disclosed, there is no reason to keep this motion under seal. Accordingly, Mr. Martin moves to unseal this motion.

Respectfully submitted this 26th day of April, 2024, by:

                                        RITCHIE, DAVIES, JOHNSON, & STOVALL, P.C.

                                        /s/Stephen Ross Johnson
                                        STEPHEN ROSS JOHNSON [TN BPR No. 022140]
                                        CATALINA L.C. GOODWIN [TN BPR No. 038660]
                                        S. RENEE HAMMOND [TN BPR No. 021419]
                                        606 W. Main Street, Suite 300
                                        Knoxville, TN 37902
                                        (865) 637-0661
                                        www.rdjs.law
                                        johnson@rdjs.law
                                        goodwin@rdjs.law

THE LAW OFFICE OF MASSEY MCCLUSKY FUCHS & BALLENGER

<u>/s/ William D. Massey</u>
WILLIAM D. MASSEY [BPR No. 9568]
3074 East Road
Memphis, TN 38128
(901) 384-4004
w.massey3074@gmail.com

## **<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 26, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

<u>s/Stephen Ross Johnson</u>