IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cr. No. 23-cr-20191-MSN |
| ) | |
| EMMITT MARTIN, III, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OF PLEA AGREEMENT ATTACHMENT A

## STATEMENT OF FACTS

On January 7, 2023, defendant Emmitt Martin, III, was on duty and in uniform as an officer with the Memphis Police Department (MPD) within the Western District of Tennessee. At the time, defendant Martin served as a Detective on MPD SCORPION Team One, along with Detectives Tadarrius Bean, Demetrius Haley, Desmond Mills Jr., and Justin Smith.

On January 7, 2023, in the Western District of Tennessee, defendant Martin participated in the traffic stop of Tyre Nichols. Following the traffic stop, defendant Martin, while acting under color of law as an MPD Detective, and while aiding and abetting Bean, Haley, Mills, and Smith, willfully deprived Tyre Nichols of the right, secured and protected by the Constitution and laws of the United States, to be free from an unreasonable seizure, which includes the right to be free from the use of unreasonable force by a police officer, in violation of 18 U.S.C. §§ 242 and 2. Specifically, defendant Martin unlawfully assaulted Nichols; aided and abetted Bean, Haley, Mills, and Smith in their unlawful assault of Nichols; and knowing that Bean, Haley, Mills and Smith were acting unlawfully, and with the opportunity and means to intervene in their assault, willfully failed to intervene in these other officers' unlawful assault of Nichols. This offense resulted in bodily injury to, and the death of, Tyre Nichols.

On January 7, 2023, in the Western District of Tennessee, defendant Martin joined Bean, Haley, Mills, and Smith in willfully combining, conspiring, and agreeing to violate 18 U.S.C. § 1512(b)(3) by knowingly engaging in misleading conduct towards, corruptly persuading, and attempting to corruptly persuade their supervisor, the MPD Detective tasked with writing the Incident Report, and other persons, with the intent to hinder, delay, and present the communication to a law enforcement officer and judge of the United States of truthful information relating to the commission and possible commission of a Federal offense. Specifically, in relation to statements the defendants made to MPD officers regarding the arrest of Tyre Nichols, defendant Martin conspired with Bean, Haley, Mills, and Smith to intentionally withhold and omit material information and knowingly make false and misleading statements, all to cover up the use of unreasonable force on Nichols. Specifically, defendant Martin knew that Nichols had been struck repeatedly but Martin did not tell the MPD dispatcher, the defendants' supervisor, or Memphis Fire Department (MFD) personnel that Nichols had been struck repeatedly; defendant Martin participated in conversations with Bean, Haley, Mills, and Smith in which they discussed using force against Nichols but defendant Martin failed to provide this information to the MPD dispatcher, the defendants' supervisor, or MFD personnel; defendant Martin joined Bean, Haley, Mills, and Smith in providing the MPD Detective tasked with writing the Incident Report with false and misleading information about the arrest and in omitting material information about the arrest; and defendant Martin wrote a Response to Resistance Report that contained false and misleading information and omitted that he, Bean, Haley, Mills, and Smith had assaulted Nichols.

Defendant Martin acknowledges that he is guilty and will knowingly and voluntarily enter a plea of guilty to Count One of the Indictment, which charges a violation of 18 U.S.C. § 242 for Deprivation of Rights Under Color of Law: Excessive Force and Failure to Intervene. Regarding Count One, defendant Martin admits that he willfully used unreasonable force against Tyre Nichols

while acting under color of law as an MPD Detective and that his status as a police officer made the assault possible. Defendant Martin further admits that he aided and abetted Bean, Haley, Mills, and Smith in the use of unreasonable force in violation of Nichols' rights under the Fourth Amendment. Finally, defendant Martin admits that he failed to intervene in the use of unreasonable force by other officers, despite having an opportunity and the means to intervene in the assault. Defendant Martin admits that these violations of section 242 resulted in bodily injury to, and the death of, Tyre Nichols.

Defendant Martin acknowledges that he is guilty and will knowingly and voluntarily enter a plea of guilty to Count Three of the Indictment, which charges a violation of 18 U.S.C. § 1512(k) for Conspiracy to Witness-Tamper. Regarding Count Three, defendant Martin admits that he conspired with Bean, Haley, Mills, and Smith to knowingly engage in misleading conduct towards their MPD supervisor, an MPD Detective tasked with writing the Incident Report, and other persons, with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and judge of the United States of truthful information relating to the commission of the federal offense charged in Count One. Specifically, in relation to statements defendant Martin and Bean, Haley, Smith, and Mills made to MPD officers regarding the arrest of Tyre Nichols, they conspired to, and did in fact, intentionally withhold and omit material information and to knowingly make false and misleading statements, all to cover up their use of unreasonable force on Nichols.