IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 2:23-cr-20191-MSN |
| | ) | |
| EMMITT MARTIN, III | ) | |

**GOVERNMENT RESPONSE TO DEFENDANT MARTIN'S MOTION FOR
REVOCATION OF DETENTION ORDER AND MOTION FOR RELEASE**

NOW COMES the United States of America, by and through Joseph C. Murphy, Jr., Interim United States Attorney for the Western District of Tennessee; Harmeet K. Dhillon, Assistant Attorney General for Civil Rights; and the undersigned attorneys, and respectfully submits this Response to the Court's Order at ECF No. 804.

On February 19, 2025, U.S. Pretrial Services filed a Petition alleging that Defendant had violated the conditions of his supervision. ECF No. 774. The Petition alleged that Defendant had committed uncharged criminal conduct of harassment and assault in violation of Tennessee law. More specifically, the Petition set forth the nature of the non-compliance as follows:

> The complainant, Beunca Jones, reported sharing an eleven (11) year old daughter with Mr. Martin. Ms. Jones advised Mr. Martin requested to speak with her immediately after getting off the phone with their daughter. Reportedly, Mr. Martin questioned her about talking to their daughter regarding his court hearings and other matters. After ending their conversation, Mr. Martin sent threatening text messages stating an intent to handle her and her boyfriend upon seeing them. According to Ms. Jones, she woke up to twenty-three (23) missed calls from an unknown number, three (3) calls from Mr. Martin, and finally a text that read, "You making reports? Against me?" During the following day, the Memphis Police Department responded to a walk-in regarding a threatening electronic communication, which occurred at the same address. The complainant, Tanyce Davis, reported receiving a telephone call from Mr. Martin stating, "If I don't see my daughter tomorrow, its going to be a problem." Ms. Davis advised asking Mr. Martin about threatening her, and he responded by saying "that's not a threat. I used to be a police officer. I know what a threat it is".

*Id.*

An arrest warrant was issued that day. ECF No. 775. On February 21, 2025, Magistrate Judge Claxton entered an Order revoking bond. ECF No. 789. On March 31, 2025, Defendant filed a Motion to Revoke Detention Order and Motion for Release. ECF No. 801. On April 15, 2025, the Court entered an Order directing the Government to respond to four questions arising out of the Defendant's Motion for Release. ECF No. 804. The Government now submits this Response addressing each of the Court's four questions.

> **1.  Whether Defendant's alleged violation of Tennessee's harassment statute, as discussed at the revocation hearing, supports continued detention**

T.C.A. § 39-17-308 states in relevant part:

> (a) A person commits an offense who intentionally:
> > (1) Communicates a threat to another person, and the person communicating the threat:
> > > (A) Intends the communication to be a threat of harm to the victim; and
> > > (B) A reasonable person would perceive the communication to be a threat of harm;
> > (2) Communicates with another person without lawful purpose, anonymously or otherwise, with the intent that the frequency or means of the communication annoys, offends, alarms, or frightens the recipient and, by this action, annoys, offends, alarms, or frightens the recipient;
> > (3) Communicates to another person, with intent to harass that person, that a relative or other person has been injured or killed when the communication is known to be false[.]

Tenn. Code Ann. § 39-17-308 (West).

A person commits the offense of harassment when he intentionally "[c]ommunicates a threat to another person, and the person communicating the threat: (A) Intends the communication to be a threat of harm to the victim; and (B) A reasonable person would perceive the

communication to be a threat of harm[.]" *State v. Davis*, 2024 WL 4799724, at *2 (Tenn. Crim. App. Nov. 15, 2024).

During the hearing, the Magistrate Judge considered the text exchange submitted as evidence. The initial messages were between Defendant Martin and his daughter. There is no allegation that these messages constitute harassment. The messages at issue are subsequent communications between Defendant Martin and complainant Jones, the mother. There is an additional allegation of a phone call between Defendant and the mother of the complainant. The text from Defendant that is relevant for the Court's consideration here states,

> But know this and take this how you want too. I bet not see you and NO N***A with Erin no where. It's getting handled right then and there. Cause how I can't be around my daughter but somebody else can?? You're a f****d up individual frfr

The complainant asked what "getting handled" means and Defendant responded, "Take it how you want too. And you know I'm not scared of s**t so!"

The government submits that, while this determination is a close call, the alleged text message exchange appears to violate T.C.A. § 39-17-308(a). While Defendant Martin vehemently denied making, or intending to make, a threat, the alleged language, "It's getting handled right then and there" in context could be considered by a reasonable person to be a threat of harm. A violation of a state criminal statute would contravene the conditions of release and would support continued detention.

  **2. Whether Defendant Martin's conviction constitutes a "crime of violence" under 18 U.S.C. § 3156(a)(4)**

The defendant's conviction for the use of excessive force in violation of 18 U.S.C. § 242 constitutes a "crime of violence" as defined by 18 U.S.C. § 3156(a)(4). When the Court considered this question for Demetrius Haley, a co-defendant convicted of a violation of the same statute, the

3

Court noted that, in its view, "a generic excessive force conviction under § 242 would fall within the elements clause of the 'crime of violence' definition." ECF No. 704, PageIDs 14300-01 at n.2. The Court concluded that it had "no trouble" finding that defendant Haley's violation of 18 U.S.C. § 242 constituted a crime of violence. *See id.* at PageIDs 14299-301. The same analysis applies here to defendant Martin's violation of section 242. Defendant Martin's conviction for using excessive force, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* at 14299 (citing 18 U.S.C. § 3156(a)(4)(B)). The offense accordingly falls squarely within the definition of a crime of violence as set forth in the Bail Reform Act. *See id.* at PageID 14301.

   **3.**  **Whether the Government will be Recommend a Sentence of Imprisonment**

As referenced in the Government's filing regarding sentencing, *see* ECF No. 739 at 4, the Government will recommend a sentence of imprisonment for defendant Martin. Accordingly, the release provision in 18 U.S.C. § 3143(a)(2)(A)(ii) is inapplicable.

   **4.**  **Whether the Government believes Defendant is eligible for release pending sentencing under 18 U.S.C. §§ 3143 or 3145(c).**

The government submits that defendant Martin does not appear to be eligible for release under §§ 3143 or 3145(c). Under § 3143(a)(2), detention pending sentencing is mandatory where a defendant has been convicted of a crime of violence, and the Government is recommending a sentence of imprisonment. As previously discussed, defendant Martin has pleaded guilty to a crime of violence, and the Government is planning to recommend a term of incarceration at sentencing. Accordingly, under § 3143, detention pending sentencing is mandatory.

18 U.S.C. § 3145(c) provides a mechanism for release where "there are exceptional reasons why . . . detention would not be appropriate." "In each case, 'the determination of whether

"exceptional reasons" have been clearly shown is quintessentially a fact-intensive inquiry requiring case by case analysis' and the district judge, therefore, has broad discretion in the factors that the judge might consider when determining whether exceptional reasons for release exist." *United States v. Wise*, No. 3:20-CR-46-TAV-JEM-2, 2023 U.S. Dist. LEXIS 121832 at *7-12 (E.D. Tenn. July 14, 2023) (citations omitted). With appropriate deference to this Court's discretion in this matter, the government is not aware of exceptional circumstances that would mandate release. The Sixth Circuit has explained that neither "cooperation with the government . . . "nor . . . hardship to family and business associates" qualify as "exceptional circumstances[.]" *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002).[1] In addition, the family circumstances, disagreements with court rulings, and personal challenges cited in defendant Martin's filing are circumstances that are the usual and expected consequences of a term of incarceration. *See, e.g., United States v. Wise*, No. 3:20-CR-46-TAV-JEM-2, 2023 U.S. Dist. LEXIS 121832 at *7-12 (E.D. Tenn. July 14, 2023) (defendant's familial hardships and compliance with the terms of pretrial release failed to set the defendant apart from anyone else convicted of a similar crime as required to merit release under section 3145(c)) (citations omitted); *United States v. Walden*, No. 3:10–CR–110–7, 2011 WL 4476641, at *3 (E.D. Tenn. Sept. 26, 2011) (citations omitted); *but see United States v. Byrge*, No. 3:19-CR-193-1, 2020 U.S. Dist. LEXIS 208559 *5-6 (E.D. Tenn. Aug. 10, 2020) (the Court, after noting "the pall cast over [the

---

[1] Other courts have reached a similar conclusion. *See United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring); *United States v. Larue*, 478 F.3d 924, 925–26 (8th Cir. 2007) (ongoing employment not exceptional); *United States v. Lea*, 360 F.3d 401, 403–04 (2d Cir. 2004) (nothing exceptional about going to school, being employed, or being a first-time offender, either individually or in combination); *United States v. Burnett*, 76 F.Supp.2d 846, 849 (E.D. Tenn. 1999) (caring for family members in poor health); *United States v. Rodriguez*, 50 F.Supp.2d 717, 722 (N.D. Ohio 1999) (severe financial hardship to family not exceptional); *United States v. Mahabir*, 858 F.Supp. 504, 508 (D. Md. 1994) (purely personal considerations not exceptional).

5

defendant's] circumstances by the COVID-19 pandemic," found exceptional circumstances where the 24-year-old defendant had no prior criminal history prior to her conviction for a drug offense; was a caretaker for a young son and an ill father; and had done "well under pretrial supervision and [ ] cooperated in the case"). Accordingly, the government submits that the information provided by the defendant does not appear to mandate releasing defendant Martin under § 3145(c).

Respectfully submitted this 22nd day of April, 2025.

        JOSEPH C. MURPHY, JR.
        Interim United States Attorney

        s/ David Pritchard
By:   DAVID PRITCHARD
        Assistant United States Attorney
        167 N. Main Street, Ste. 800
        Memphis, TN 38103
        (901) 544-4231

        HARMEET K. DHILLON
        Assistant Attorney General
        Civil Rights Division
        U.S. Department of Justice

        Forrest Christian
        Deputy Chief
        Kathryn E. Gilbert
        Special Litigation Counsel
        Andrew Manns
        Trial Attorney
        Civil Rights Division
        950 Pennsylvania Ave., NW
        Washington, DC 20530
        (202) 616-2430

## CERTIFICATE OF CONSULTATION

    I hereby certify that on April 21, 2025, I conferred with Bill Massey, counsel for Defendant, regarding the Government Response.

s/ David Pritchard
Assistant United States Attorney

## CERTIFICATE OF SERVICE

    I, David Pritchard, hereby certify that a copy of the foregoing Position Paper of the United States has been filed via the District Court's electronic case filing system.

    This 22nd day of April, 2025.

/s/ David Pritchard
Assistant United States Attorney
